Robert F. Semmer (State Bar No. 102576)
Cathleen G. Fitch (State Bar No. 95302)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 West Broadway, Suite 400
San Diego, CA 92101
(619) 232-0800
(619) 232-0107 (Fax)

**Attorneys for** Defendant SURGICAL CARE AFFILIATES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CHAO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHSOUTH CORPORATION, a Delaware corporation;<br>SHC SAN DIEGO, INC., a Georgia corporation;<br>SHC MANAGEMENT COMPANY, a Georgia corporation;<br>SURGICAL HEALTH CORPORATION, a Delaware corporation;<br>HEALTHSOUTH SURGERY CENTERS-WEST, INC., a Delaware corporation;<br>SURGICAL CARE AFFILIATES, LLC a Delaware Limited Liability corporation;<br>ARTHROSCOPIC & LASER SURGERY CENTER OF SAN DIEGO, L.P., and DOES 1 through 100, inclusively,<br><br>Defendants. | CASE NO.  07CV2408 DMS WMc<br><br>**ANSWER TO COMPLAINT OF DEFENDANT SURGICAL CARE AFFILIATES, LLC** |

Comes now Defendant SURGICAL CARE AFFILIATES, LLC ("Defendant") and answers the Complaint as follows:

**GENERAL ALLEGATIONS**

1. Defendant ADMITS Chao is a resident of San Diego County, California and is a limited partner in Arthroscopic & Laser Surgery Center of San Diego, L.P. (the "Partnership"). Defendant DENIES the Partnership is a corporation and lacks sufficient information or belief to answer the remaining allegations of paragraph 1.

- 1 -

2. Defendant ADMITS that SHC SAN DIEGO, INC. was incorporated in the state of Georgia and has conducted business in California since April, 2005. SHC San Diego, Inc. Was converted to a Delaware limited liability company on June 26, 2007, and is now named SHC San Diego, LLC. Defendants ADMITS that SHC SAN DIEGO, LLC. Is the general partner of Arthroscopic & Laser Surgery Center of San Diego, L.P. Defendant lacks information and belief sufficient to answer the remaining allegations of paragraph 2.

3. The allegations of paragraph 3. do not appear to be directed at this answering Defendant, however, Defendant ADMITS the allegations in paragraph 3 on information and belief.

4. The allegations of paragraph 4. do not appear to be directed at this answering Defendant, however, Defendant ADMITS that SURGICAL HEALTH CORPORATION was incorporated in the state of Delaware and DENIES the remaining allegations of paragraph 4. Surgical Health Corporation was converted to a Delaware limited liability company on June 27, 2007, and is now named Surgical Health, LLC.

5. Defendant ADMITS that HEALTHSOUTH SURGERY CENTERS-WEST, INC. was incorporated in the state of Delaware and DENIES the remaining allegations of paragraph 5. Delaware HealthSouth Surgery Centers-West, Inc. Converted to a Delaware limited liability company on June 26, 2007 and changed its name to Surgery Centers-West Holdings, LLC.

6. Defendant ADMITS that SURGICAL CARE AFFILIATES, LLC (hereinafter "SCA") is a Delaware limited liability company doing business in San Diego County, California. Defendant DENIES the allegations of this paragraph to the extent it refers to "all times herein mentioned," as SCA did not exist until January 23, 2007.

7. Defendant DENIES the allegations of paragraph 7.

8. Defendant DENIES the allegations in paragraph 8.

9. Defendant DENIES the allegations of paragraph 9 that it was involved in any wrongdoing. Defendant lacks sufficient information or belief to answer the remaining allegations of paragraph 9.

10. Defendant ADMITS that Plaintiff was a limited partner in Arthroscopic & Laser

- 2 -

Case No. 07CV2408 DMS WMc
Answer to Complaint of Defendant Surgical Care Affiliates, LLC

1  Surgery Center of San Diego, L.P. from 1996 to the present.  Defendant DENIES the remaining
2  allegations of paragraph 10.

3  11. The allegations of the paragraph 11. do not appear to be directed at this answering
4  Defendant, however, Defendant ADMITS that SHC SD is the general partner of Arthroscopic &
5  Laser Surgery Center of San Diego, L.P. and shared the same principal office with HealthSouth
6  at One HealthSouth Parkway, Birmingham Alabama, 35243.  Defendant ADMITS that SHC San
7  Diego owns a total of 56% of the Partnership and that SHC SD was owned by SHC.  Defendant
8  denies the remaining allegations of paragraph 11.

9  12. Defendant DENIES the allegations in paragraph 12.

10  13. Defendant ADMITS that certain HealthSouth ownership interests were sold to
11  this Defendant.  Defendant DENIES the remaining allegations of paragraph 13.

12  14. Defendant ADMITS that Plaintiff owns an 18% interest in Arthroscopic & Laser
13  Surgery Center of San Diego, L.P.  Defendant lacks sufficient information and belief to answer
14  the remaining allegations of paragraph 14.

15  15. Defendant ADMITS that the Partnership Agreement speaks for itself.

16  16. Defendant lacks sufficient information or belief to answer paragraph 16.

17  17. Defendant DENIES the allegations in paragraph 17 to the extent directed at SCA.

18  18. Defendant DENIES the allegations of paragraph 18 to the extent directed at SCA.

19  19. Defendant DENIES the allegations of paragraph 19 to the extent directed at SCA.

20  20. Defendant DENIES the allegations of paragraph 20 to the extent directed at SCA.

21  21. Defendant DENIES the allegations of paragraph 21 to the extent directed at SCA.

22  22. Defendant DENIES the allegations of paragraph 22.

23  23. The allegations of paragraph 23. do not appear to be directed at this answering
24  Defendant, however Defendant DENIES the allegations of paragraph 23 on information and
25  belief.

26  24. Defendant DENIES the allegations of paragraph 24.

27  25. Defendant DENIES the allegations of paragraph 25.

28  26. The allegations of paragraph 26. do not appear to be directed at this answering

1  Defendant, however Defendant lacks sufficient information to answer the allegations of
2  paragraph 26.
3    27.    The allegations of paragraph 27. do not appear to be directed at this answering
4  Defendant, however Defendant ADMITS that HealthSouth and certain of its officers in
5  Birmingham, Alabama were accused of and investigated for accounting fraud in or around
6  March 2003. Defendant lacks sufficient information or belief to answer the remaining
7  allegations of paragraph 27.
8    28.    The allegations of paragraph 28. do not appear to be directed at this answering
9  Defendant, however Defendant ADMITS that certain HealthSouth employs admitted to criminal
10 conduct and entered guilty pleas as reflected in Exhibit 1 to the Complaint. Defendant lacks
11 sufficient information and belief to answer the remaining allegations of paragraph 28.
12   29.    The allegations of paragraph 29. do not appear to be directed at this answering
13 Defendant, however Defendant ADMITS that certain HealthSouth employs admitted to criminal
14 conduct and entered guilty pleas as reflected in Exhibit 1 to the Complaint. Defendant lacks
15 sufficient information or belief to answer the remaining allegations of paragraph 29.
16   30.    The allegations of the paragraph 30. do not appear to be directed at this answering
17 Defendant, however Defendant ADMITS that certain HealthSouth employs admitted to criminal
18 conduct and entered guilty pleas as reflected in Exhibit 1 to the Complaint. Defendant lacks
19 sufficient information or belief to answer the remaining allegations of paragraph 30.
20   31.    Defendant ADMITS that a report was issued by the Special Audit Review
21 Committee of the Board of Directors of HEALTHSOUTH Corporation and that the Report
22 speaks for itself. Defendant lacks sufficient information or belief to answer the remaining
23 allegations of paragraph 31.
24   32.    The allegations of paragraph 32. do not appear to be directed at this answering
25 Defendant, however Defendant lacks sufficient information and belief to answer paragraph 32.
26   33.    The allegations of paragraph 33. do not appear to be directed at this answering
27 Defendant, however Defendant DENIES said allegations to the extent they are directed at SCA.
28 Defendant lacks sufficient information and belief to answer the remaining allegations of

- 4 -

paragraph 33.

34. The allegations of the paragraph 34. do not appear to be directed at this answering Defendant, however Defendant lacks sufficient information and belief to answer paragraph 34.

35. Defendant DENIES the allegations of paragraph 35.

36. Defendant DENIES the allegations of paragraph 36.

37. Defendant DENIES the allegations of paragraph 37.

38. Defendant DENIES the allegations of paragraph 38.

39. Defendant DENIES the allegations of paragraph 39.

40. Defendant DENIES the allegations of paragraph 40.

41. Defendant DENIES the allegations of paragraph 41.

42. Defendant DENIES the allegations of paragraph 42.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT-MISMANAGEMENT**

43. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

44. This paragraph is not alleged against this answering Defendant.

45. This paragraph is not alleged against this answering Defendant.

46. This paragraph is not alleged against this answering Defendant.

47. This paragraph is not alleged against this answering Defendant.

48. This paragraph is not alleged against this answering Defendant.

49. This paragraph is not alleged against this answering Defendant.

50. This paragraph is not alleged against this answering Defendant.

51. This paragraph is not alleged against this answering Defendant.

52. This paragraph is not alleged against this answering Defendant.

53. This paragraph is not alleged against this answering Defendant.

54. This paragraph is not alleged against this answering Defendant.

55. This paragraph is not alleged against this answering Defendant.

56. This paragraph is not alleged against this answering Defendant.

1   57.   This paragraph is not alleged against this answering Defendant.
2   58.   This paragraph is not alleged against this answering Defendant.
3   59.   This paragraph is not alleged against this answering Defendant.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT-FAILURE TO HONOR AGREEMENT TO SELL SHARES

60.   Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

61.   This paragraph is not alleged against this answering Defendant.
62.   This paragraph is not alleged against this answering Defendant.
63.   This paragraph is not alleged against this answering Defendant.
64.   This paragraph is not alleged against this answering Defendant.
65.   This paragraph is not alleged against this answering Defendant.
66.   This paragraph is not alleged against this answering Defendant.
67.   This paragraph is not alleged against this answering Defendant.
68.   This paragraph is not alleged against this answering Defendant.
69.   This paragraph is not alleged against this answering Defendant.
70.   This paragraph is not alleged against this answering Defendant.

## THIRD CAUSE OF ACTION

## GROSS NEGLIGENCE

71.   Defendant re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.   This paragraph is not alleged against this answering Defendant.
73.   This paragraph is not alleged against this answering Defendant.
74.   This paragraph is not alleged against this answering Defendant.
75.   This paragraph is not alleged against this answering Defendant.
76.   This paragraph is not alleged against this answering Defendant.
77.   This paragraph is not alleged against this answering Defendant.

78. This paragraph is not alleged against this answering Defendant.

## FOURTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

79. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

80. This paragraph is not alleged against this answering Defendant.

81. This paragraph is not alleged against this answering Defendant.

82. This paragraph is not alleged against this answering Defendant.

83. This paragraph is not alleged against this answering Defendant.

84. This paragraph is not alleged against this answering Defendant.

85. This paragraph is not alleged against this answering Defendant.

## FIFTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

86. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

87. This paragraph is not alleged against this answering Defendant.

88. This paragraph is not alleged against this answering Defendant.

89. This paragraph is not alleged against this answering Defendant.

90. This paragraph is not alleged against this answering Defendant.

91. This paragraph is not alleged against this answering Defendant.

92. This paragraph is not alleged against this answering Defendant.

93. This paragraph is not alleged against this answering Defendant.

94. This paragraph is not alleged against this answering Defendant.

95. This paragraph is not alleged against this answering Defendant.

96. This paragraph is not alleged against this answering Defendant.

## SIXTH CAUSE OF ACTION

## JUDICIAL DISSOLUTION AND ACCOUNTING

97. Defendant re-alleges and incorporates by reference its answer to the preceding

1 paragraphs as though fully set forth herein.

2    98.    This paragraph is not alleged against this answering Defendant.

3    99.    This paragraph is not alleged against this answering Defendant.

## SEVENTH CAUSE OF ACTION

## CONSTRUCTIVE TRUST

6    100.    Defendant re-alleges and incorporates by reference its answer to the preceding

7 paragraphs as though fully set forth herein.

8    101.    This paragraph is not alleged against this answering Defendant.

9    102.    This paragraph is not alleged against this answering Defendant.

10    103.    This paragraph is not alleged against this answering Defendant.

11    104.    This paragraph is not alleged against this answering Defendant.

12    105.    This paragraph is not alleged against this answering Defendant.

## EIGHTH CAUSE OF ACTION

## FRAUDULENT INDUCEMENT

15    106.    Defendant re-alleges and incorporates by reference its answer to the preceding

16 paragraphs as though fully set forth herein.

17    107.    This paragraph is not alleged against this answering Defendant.

18    108.    This paragraph is not alleged against this answering Defendant.

19    109.    This paragraph is not alleged against this answering Defendant.

20    110.    This paragraph is not alleged against this answering Defendant.

21    111.    This paragraph is not alleged against this answering Defendant.

22    112.    This paragraph is not alleged against this answering Defendant.

23    113.    This paragraph is not alleged against this answering Defendant.

24    114.    This paragraph is not alleged against this answering Defendant.

25    115.    This paragraph is not alleged against this answering Defendant.

26    116.    This paragraph is not alleged against this answering Defendant.

27    117.    This paragraph is not alleged against this answering Defendant.

28    118.    This paragraph is not alleged against this answering Defendant.

| | |
|---|---|
| 1 | **NINTH CAUSE OF ACTION** |
| 2 | **FRAUD AND DECEIT (NEGLIGENT MISREPRESENTATION)** |

1                                        **NINTH CAUSE OF ACTION**

2                        **FRAUD AND DECEIT (NEGLIGENT MISREPRESENTATION)**

3     119.    Defendant re-alleges and incorporates by reference its answer to the preceding

4 paragraphs as though fully set forth herein.

5     120.    This paragraph is not alleged against this answering Defendant.

6     121.    This paragraph is not alleged against this answering Defendant.

7     122.    This paragraph is not alleged against this answering Defendant.

8     123.    This paragraph is not alleged against this answering Defendant.

9     124.    This paragraph is not alleged against this answering Defendant.

10    125.    This paragraph is not alleged against this answering Defendant.

11    126.    This paragraph is not alleged against this answering Defendant.

12    127.    This paragraph is not alleged against this answering Defendant.

13    128.    This paragraph is not alleged against this answering Defendant.

14    129.    This paragraph is not alleged against this answering Defendant.

15    130.    This paragraph is not alleged against this answering Defendant.

16                                           **TENTH CAUSE OF ACTION**

17                    **FRAUD AND DECEIT (INTENTIONAL MISREPRESENTATION)**

18    131.    Defendant refers to and incorporates by reference its answer to the preceding

19 paragraphs as though fully set forth herein. To the extent this paragraph is alleged against this

20 answering Defendant, Defendant DENIES the allegations of paragraph 131.

21    132.    This paragraph is not alleged against this answering Defendant.

22    133.    This paragraph is not alleged against this answering Defendant.

23    134.    This paragraph is not alleged against this answering Defendant.

24    135.    This paragraph is not alleged against this answering Defendant.

25    136.    This paragraph is not alleged against this answering Defendant.

26    137.    This paragraph is not alleged against this answering Defendant.

27    138.    This paragraph is not alleged against this answering Defendant.

28    139.    This paragraph is not alleged against this answering Defendant.

Case No. 07CV2408 DMS WMc
Answer to Complaint of Defendant Surgical Care Affiliates, LLC

140. This paragraph is not alleged against this answering Defendant.

141. This paragraph is not alleged against this answering Defendant.

142. This paragraph is not alleged against this answering Defendant.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO DISCLOSE AND/OR CONCEALMENT OF MATERIAL FACTS

143. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

144. This paragraph is not alleged against this answering Defendant.

145. This paragraph is not alleged against this answering Defendant.

146. This paragraph is not alleged against this answering Defendant.

147. This paragraph is not alleged against this answering Defendant.

148. This paragraph is not alleged against this answering Defendant.

149. This paragraph is not alleged against this answering Defendant.

150. This paragraph is not alleged against this answering Defendant.

151. This paragraph is not alleged against this answering Defendant.

152. This paragraph is not alleged against this answering Defendant.

## TWELFTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

153. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

154. This paragraph is not alleged against this answering Defendant.

155. This paragraph is not alleged against this answering Defendant.

156. This paragraph is not alleged against this answering Defendant.

157. This paragraph is not alleged against this answering Defendant.

158. This paragraph is not alleged against this answering Defendant.

159. This paragraph is not alleged against this answering Defendant.

160. This paragraph is not alleged against this answering Defendant.

161. This paragraph is not alleged against this answering Defendant.

## THIRTEENTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONAL (sic) §17200-
## UNFAIR BUSINESS PRACTICES

162. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

163. Defendant DENIES the allegations of paragraph 163.

164. Defendant DENIES the allegations of paragraph 164.

165. Defendant DENIES the allegations of paragraph 165.

166. Defendant DENIES the allegations of paragraph 166.

167. Defendant DENIES the allegations of paragraph 167.

168. Defendant DENIES the allegations of paragraph 168.

169. Defendant DENIES the allegations of paragraph 169.

## FOURTEENTH CAUSE OF ACTION
## SPECIFIC PERFORMANCE

170. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

171. Defendant DENIES the allegations of paragraph 171.

172. Defendant DENIES the allegations of paragraph 172.

173. Defendant DENIES the allegations of paragraph 173.

174. Defendant DENIES the allegations of paragraph 174.

175. Defendant DENIES the allegations of paragraph 175.

176. Defendant DENIES the allegations of paragraph 176 and DENIES that Plaintiff is entitled to the relief requested or any relief.

177. Defendant DENIES the allegations of paragraph 177 and DENIES that Plaintiff is entitled to the relief requested or any relief.

178. Defendant DENIES the allegations of paragraph 178 and DENIES that Plaintiff is entitled to the relief requested or any relief.

/////

**FIFTEENTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

179. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

180. Defendant DENIES the allegations of paragraph 180.

181. Defendant DENIES the allegations of paragraph 181.

182. Defendant DENIES the allegations of paragraph 182 and DENIES that Plaintiff is entitled to the relief requested or any relief.

183. Defendant DENIES the allegations of paragraph 183.

**SIXTEENTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH CONTRACT**

184. Defendant ADMITS that Plaintiff has no written contract with UCSD pertaining to interests in "the partnership." Defendant ADMITS that no contract or "Purchase Agreement" as alleged was signed with Plaintiff. Defendant DENIES the remaining allegations of paragraph 184.

185. Defendant DENIES the allegations of paragraph 185.

186. Defendant DENIES the allegations of paragraph 186.

187. Defendant DENIES the allegations of paragraph 187.

188. Defendant ADMITS that it negotiated with and sold to UCSD an ownership interest in what was known as the UTC Surgery Center. Defendant DENIES the remaining allegations of paragraph 188.

189. Defendant DENIES the allegations of paragraph 189.

**SEVENTEENTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

190. Defendant ADMITS that Plaintiff has no written contract with UCSD pertaining to interests in "the partnership." Defendant ADMITS that no contract or "Purchase Agreement" as alleged was signed with Plaintiff. Defendant DENIES the remaining allegations of paragraph 190.

191.   Defendant DENIES the allegations of paragraph 191.

192.   Defendant DENIES the allegations of paragraph 192.

193.   Defendant DENIES the allegations of paragraph 193.

194.   Defendant DENIES the allegations of paragraph 194.

195.   Defendant ADMITS that it negotiated with and sold to UCSD an ownership interest in what was known as the UTC Surgery Center. Defendant DENIES the remaining allegations of paragraph 195.

196.   Defendant DENIES the allegations of paragraph 196.

197.   Defendant DENIES the allegations of paragraph 197.

198.   Defendant ADMITS that Plaintiff has not acquired an ownership interest from Defendant as alleged. Defendant DENIES the remaining allegations of paragraph 198.

199.   Defendant DENIES the allegations of paragraph 199.

200.   Defendant DENIES the allegations of paragraph 200.

201.   Defendant DENIES the allegations of paragraph 201 and DENIES that Plaintiff is entitled to the relief requested or any relief.

202.   Defendant DENIES the allegations of paragraph 202 and DENIES that Plaintiff is entitled to the relief requested or any relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Facts)**

Plaintiff's Complaint and each Claim for Relief stated therein fails to state a claim upon which relief can be granted as against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Conduct of Other Persons or Parties)**

Defendant is informed and believes and upon that basis alleges that damages and injuries, if any, suffered by Plaintiff were directly and proximately caused by the reckless, negligent, fraudulent and willful conduct of individuals or entities other than Defendant. As a consequence of that conduct, Plaintiff is barred from recovering against Defendant. If however, Defendant

should be found legally responsible for any damages alleged by Plaintiff, which Defendant expressly denies, then such damage was proximately caused or contributed to by the careless, reckless, negligent, fraudulent or willful conduct of third parties. As a consequence thereof, the proportionate degree of negligence and fault of such third parties must be determined and prorated and any judgment that might be rendered against Defendant must be barred or reduced by the total degree of negligence and fault found to exist as a result of the conduct of such third parties.

### THIRD AFFIRMATIVE DEFENSE

**(Comparative Negligence)**

Defendant is informed and believes and upon that basis allege that Plaintiff failed to exercise proper or ordinary care, caution or prudence in his own conduct regarding the matters which are alleged in the Complaint. If Defendant should be found legally responsible for any damages alleged by Plaintiff, which Defendant expressly denies, then such damages, if any, were proximately caused or contributed to by Plaintiff's careless, reckless and negligent conduct. As a consequence thereof, the proportionate degree of negligence and fault of Plaintiff must be determined and prorated and any judgment that might be rendered against Defendant must be barred or reduced by the total degree of negligence and fault found to exist as a result of Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Defendant is informed and believes and thereon alleges that Plaintiff failed, refused and neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

### FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

Defendant is informed and believes and alleges thereon that Plaintiff is barred from any recovery against Defendant by reason of the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the Complaint and in commencing this litigation.

## SIXTH AFFIRMATIVE DEFENSE

**(Doe Defendants)**

Defendant is informed and believes and thereon alleges that it is not legally responsible for the acts and/or omissions of those named herein as Doe Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

**(Consent)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff consented to the acts and conduct of Defendants upon which the Complaint is based.

## EIGHTH AFFIRMATIVE DEFENSE

**(Waiver)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff waived the claims in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff is estopped from asserting the claims in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendant is are informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the First through Twelfth Causes of Action of the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338 and 339.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Defendant is informed and believes and alleges thereon that because of Plaintiff's own immoral, careless, negligent and other wrongful conduct, Plaintiff is barred from recovering

against Defendant by the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiffs' claims are barred by the statute of frauds including the provisions contained in Commercial Code §1206.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration for the contract alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No injunctive Relief)

This answering Defendant is informed and believes that Plaintiff is not entitled to injunctive relief as against it because the alleged conduct has ceased.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Conduct Not Unlawful)

The conduct and practices alleged against this answering Defendant were not unlawful and to the extent undertaken by this answering Defendant, which is expressly denied, were done in the good faith exercise of a valid business purpose.

## PRAYER

**WHEREFORE**, Defendant prays for relief as follows:

1. Dismissal of Plaintiff's Complaint with prejudice;
2. That Plaintiff take nothing by way of his Complaint;

3. For reasonable costs of suit and attorneys' fees;

4. For such other and further relief as this Court deems just and appropriate.

DATED: December 26, 2007            Respectfully submitted,

**COUGHLAN, SEMMER & LIPMAN, LLP**


By ___s/Cathleen G. Fitch_____
     Cathleen G. Fitch, Esq.
     Attorneys for Defendant SURGICAL CARE
     AFFILIATES, LLC

@PFDesktop\::ODMA/PCDOCS/CSL/65261/1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify:

1. I am over the age of 18 years and a resident of San Diego County, California; my business address is 501 W. Broadway, Suite 400, San Diego, California 92101; I am not a party to the above-entitled action;

2. On this date I caused the following document(s) to be filed and served electronically via the Court's CM/ECF System except as otherwise stated in paragraph #3 below:

**ANSWER TO COMPLAINT OF DEFENDANT SURGICAL CARE AFFILIATES, LLC**

3. I caused the documents listed above to be served on the following party/parties by other means addressed to the last known address and delivered as follows:

[ ]   Each envelope was placed for deposit in the U.S. Mail according to the normal business practices observed at this office, with first class postage prepaid to:

**N/A**

I declare that I am a member of the Bar of this Court, and it was at my direction the above described service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this day, December 26, 2007, at San Diego, California.

s/ Cathleen G. Fitch