1  | Robert F. Semmer, Esq. (SBN 102576)
   | Cathleen G. Fitch, Esq. (SBN 95302)
2  | **COUGHLAN, SEMMER & LIPMAN, LLP**
   | 501 W. Broadway, Suite 400
3  | San Diego, CA 92101
   | (619) 232-0800 Telephone
4  | (619) 232-0107 Facsimile
5  |
   | Attorneys for Defendant HEALTHSOUTH CORPORATION
6  |
7  |
8  |                **UNITED STATES DISTRICT COURT**
9  |              **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID J. CHAO, an individual, | CASE NO. 3:07-cv-2408 DMS WMc |
| Plaintiff, | **ANSWER OF DEFENDANT HEALTHSOUTH CORPORATION TO COMPLAINT** |
| vs. | |
| HEALTHSOUTH CORPORATION, a Delaware corporation; SHC SAN DIEGO, INC., a Georgia corporation; SHC MANAGEMENT COMPANY, a Georgia corporation; SURGICAL HEALTH CORPORATION, a Delaware corporation; HEALTHSOUTH SURGERY CENTERS-WEST, INC., a Delaware corporation; SURGICAL CARE AFFILIATES, LLC a Delaware Limited Liability corporation; ARTHROSCOPIC & LASER SURGERY CENTER OF SAN DIEGO, L.P., and DOES 1 through 100, inclusively, | |
| Defendants. | |

Comes now Defendant HEALTHSOUTH CORPORATION ("Defendant") and answers the Complaint as follows:

## GENERAL ALLEGATIONS

1.    Defendant ADMITS Chao is a resident of San Diego County, California and is a limited partner in Arthroscopic & Laser Surgery Center of San Diego, L.P. (the "Partnership").

1  Defendant DENIES the Partnership is a corporation and lacks sufficient information or belief to

2  answer the remaining allegations of paragraph 1.

3      2.      Defendant ADMITS that SHC SAN DIEGO, INC.  was incorporated in the state of

4  Georgia and has conducted business in California since April, 2005.  SHC San Diego, Inc. was

5  converted to a Delaware limited liability company on June 26, 2007, and is now named SHC San

6  Diego, LLC.  Defendants ADMITS that SHC SAN DIEGO, LLC.  Is the general partner of

7  Arthroscopic & Laser Surgery Center of San Diego, L.P.  Defendant lacks information and belief

8  sufficient to answer the remaining allegations of paragraph 2.

9      3.      Defendant ADMITS the allegations in paragraph 3.

10     4.      Defendant ADMITS that SURGICAL HEALTH CORPORATION was

11 incorporated in the state of Delaware and DENIES the remaining allegations of paragraph 4.

12 Surgical Health Corporation was converted to a Delaware limited liability company on June 27,

13 2007, and is now named Surgical Health, LLC.

14     5.      Defendant ADMITS that HEALTHSOUTH SURGERY CENTERS-WEST, INC.

15 was incorporated in the state of Delaware and DENIES the remaining allegations of paragraph 5.

16 Delaware HealthSouth Surgery Centers-West, Inc.  Converted to a Delaware limited liability

17 company on June 26, 2007 and changed its name to Surgery Centers-West Holdings, LLC.

18     6.      Defendant ADMITS that SURGICAL CARE AFFILIATES, LLC (hereinafter

19 "SCA") is a Delaware limited liability company doing business in San Diego County, California.

20 Defendant DENIES the allegations of this paragraph to the extent it refers to "all times herein

21 mentioned," as SCA did not exist until January 23, 2007.

22     7.      Defendant DENIES the allegations of paragraph 7.

23     8.      Defendant DENIES the allegations of paragraph 8.

24     9.      Defendant DENIES the allegations of paragraph 9 that it was involved in any

25 wrongdoing towards Plaintiff or the Partnership.  Defendant lacks sufficient information or belief

26 to answer the remaining allegations of paragraph 9.

27     10.     Defendant ADMITS that Plaintiff was a limited partner in Arthroscopic & Laser

28 Surgery Center of San Diego, L.P. from 1996 to the present.  Defendant DENIES the remaining

allegations of paragraph 10.

11.    Defendant ADMITS that SHC SD is the general partner of Arthroscopic & Laser Surgery Center of San Diego, L.P. and shared the same principal office with HealthSouth at One HealthSouth Parkway, Birmingham Alabama, 35243. Defendant ADMITS that SHC San Diego owns a total of 56% of the Partnership and that SHC SD was owned by SHC. Defendant admits that it managed the Partnership between February 1999 and June 25, 2007. Defendant denies the remaining allegations of paragraph 11.

12.    Defendant DENIES the allegations in paragraph 12.

13.    Defendant ADMITS that certain HealthSouth ownership interests were sold to SCA. Defendant DENIES the remaining allegations of paragraph 13.

14.    Defendant ADMITS that Plaintiff owns an 18% interest in Arthroscopic & Laser Surgery Center of San Diego, L.P. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 14.

15.    Defendant ADMITS that the Partnership Agreement speaks for itself.

16.    Defendant ADMITS the allegations of paragraph 16, except that SHC Management Corporation was dissolved on December 26, 2003.

17.    Defendant DENIES the allegations in paragraph 17.

18.    Defendant DENIES the allegations in paragraph 18.

19.    Defendant DENIES the allegations in paragraph 19.

20.    Defendant DENIES the allegations in paragraph 20.

21.    Defendant DENIES the allegations in paragraph 21.

22.    Defendant DENIES the allegations in paragraph 22.

23.    Defendant DENIES the allegations of paragraph 23.

24.    Defendant DENIES the allegations of paragraph 24.

25.    Defendant DENIES the allegations of paragraph 25.

26.    Defendant ADMITS that Richard Scrushy was the CEO of HealthSouth to 2003 except between August 2002 and January 2003. Defendant ADMITS that William T. Owens was the President and COO of HealthSouth between August 2001 and August 2002 and served as CEO

1  from August 2002 to January 2003.  Defendant ADMITS that Brandon O. Hale was a Vice

2  President and Secretary of HealthSouth between 2001 and 2003 and for a period of time before

3  March, 2003, was HealthSouth's compliance officer.  Defendant ADMITS that Malcolm McVay

4  was a Vice President and Treasurer HealthSouth and was the CFO and Treasurer from August

5  2002 to January 2003.  Defendant ADMITS that HVPG of California, Inc. was a subsidiary of

6  HealthSouth.  Defendant ADMITS that Richard Scrushy, William T. Owens, Patrick A. Foster and

7  Malcolm McVay were officers/directors of HVPG of California, Inc. in November 2002.

8  Defendant DENIES the remaining allegations of paragraph 26.

9       27.    Defendant ADMITS the allegations of paragraph 27.

10       28.    Defendant ADMITS that certain HealthSouth employs admitted to criminal conduct

11  and entered guilty pleas as reflected in Exhibit 1 to the Complaint.   Defendant DENIES the

12  remaining allegations of paragraph 28.

13       29.    Defendant ADMITS that certain HealthSouth employs admitted to criminal conduct

14  and entered guilty pleas as reflected in Exhibit 1 to the Complaint.  Defendant ADMITS that

15  Emery Harris held various positions in HealthSouth's accounting department between 1992 and

16  2000 and ADMITS that in March 2000, he became Group Vice President and Assistant Controller;

17  in August 2001, he became Group Vice President of Accounting and in March 2003, he became

18  Group Vice President of Accounting and Assistant Controller.  Defendant ADMITS that Emery

19  Harris pled guilty to criminal charges on or about September 26, 2003.

20  Defendant ADMITS that Angela Ayers was hired by HealthSouth in 1994 and ADMITS she

21  became Senior Accountant, Operations in 1995; in 1997, she became an Accounting Manager; in

22  2000, she became Director of Accounting; later in 2000, she became Assistant Vice President,

23  Financial Accounting; in 2002, she became Vice President of Finance/Accounting.  Defendant

24  ADMITS that Angela Ayers pled guilty to criminal charges on or about April 3, 2003.

25  Defendant ADMITS that Kenneth Livesay worked for HealthSouth beginning in 1989 and

26  ADMITS that in 1995, he became Group Vice President, Finance and Assistant Controller; in

27  1999, he became Senior Vice President and Chief Information Officer.  Defendant ADMITS that

28  Kenneth Livesay pled guilty to criminal charges on or about April 3, 2003.

1     Defendant ADMITS that Cathy C. Edwards worked for HealthSouth starting in 1993 and

2 ADMITS that in 1995, she became Fixed Asset Supervisor; in 1997, she became Asset

3 Management Manager; in 1999, she became Assistant Vice President, Asset Management; and in

4 2001, she became Vice President, Asset Management.  Defendant ADMITS that Cathy C. Edwards

5 pled guilty to criminal charges on or about April 3, 2003.

6     Defendant ADMITS that Rebecca Kay Morgan worked for HealthSouth starting in 1987 and

7 ADMITS that in 1995, she became Assistant Vice President, Finance; in 1996, she became Vice

8 President, Finance; in 2000, she became Group Vice President, Finance and Assistant Controller;

9 and in 2003, she became Group Vice President, Accounting and Assistant Controller.  Defendant

10 ADMITS that Rebecca Kay Morgan pled guilty to criminal charges on or about April 3, 2003.

11     Defendant ADMITS that Virginia B. Valentine worked for HealthSouth starting in 1995 and

12 ADMITS that in 2000, she became Assistant Vice President, Financial Accounting.  Defendant

13 ADMITS that Virginia B. Valentine pled guilty to criminal charges on or about April 3, 2003.

14     Defendant ADMITS that Richard E. Botts worked for HealthSouth beginning in 1988 and that

15 in 1995, he became Group Vice President, Finance-Tax and in 1998 , he became Senior Vice

16 President, Finance-Tax.  Defendant ADMITS that Richard E. Botts pled guilty to criminal charges

17 on or about July 31, 2003.

18     Defendant ADMITS that Will Hicks worked for HealthSouth beginning in 1999 and that in

19 2000, he became Vice President, Investments.  Defendant ADMITS that Will Hicks pled guilty to

20 criminal charges on or about July 31, 2003.

21     Defendant ADMITS that Jason Brown worked for HealthSouth beginning in 1994 and

22 ADMITS that in 1996, he became Director, Corporate Development; in 1997, he became a

23 Financial Analyst, Development; in 1998, he became a Treasury Analyst; in 1999, he became

24 Assistant Vice President, Finance; and in 2000, he became Vice President, Treasury.  Defendant

25 ADMITS that Jason Brown pled guilty to criminal charges on or about July 8, 2003.

26     Defendant ADMITS that Russell H. Maddox worked for HealthSouth beginning in 1999 and

27 that in 1996 he became President and Chief Operating Officer, Diagnostic.  In 1999, he became a

28 consultant to Diagnostic.

Defendant ADMITS that Larry Taylor worked for HealthSouth beginning in 1987 and admits that in 1996, he became Senior Vice President Outpatient Operations; in August 2000, he became President and Chief Operating Officer Operations & Dir; and in February 2004, he became President.

Defendant ADMITS that Catherine Fowler started working for HealthSouth in 1994 and ADMITS that in 1996 she became Assistant Vice President, Finance and Cash Manager; in 1998, she became Vice President and Cash manager; in 2002, she became Vice President and Manager; and in 2003, she became Vice President, Treasury and Cash Manager. Defendant ADMITS that Catherine Fowler pled guilty to criminal charges on or about September 26, 2003.

Defendant DENIES the remaining allegations of paragraph 29.

30.    Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint. Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff. Defendant ADMITS that certain HealthSouth employees admitted to criminal conduct and entered guilty pleas as reflected in Exhibit 1 to the Complaint. Defendant ADMITS that trading of HealthSouth's common stock and bonds was suspended for two days in March 2003. Defendant DENIES the remaining allegations of paragraph 30.

31.    Defendant ADMITS that a report was issued by the Special Audit Review Committee of the Board of Directors of HEALTHSOUTH Corporation which was filed with the SEC and is attached to the Complaint. Defendant ADMITS that the Report speaks for itself.

32.    Defendant DENIES the allegations of paragraph 32.

33.    Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report

1   and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint.  Defendant DENIES that

2   this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff.  Defendant

3   DENIES the remaining allegations of paragraph 33.

4          34.    Defendant ADMITS that in March, 2003, the SEC ordered a two-day halt in trading

5   of HealthSouth securities and that the New York Stock Exchange delisted HealthSouth common

6   stock.  HealthSouth has since been relisted on the New York Stock Exchange.  Defendant

7   ADMITS that it was removed from the S&P 500 on or about March 19, 2003 and that its credit

8   rating was downgraded on March 19 and 20, 2003 and again on April 2, 2003 to a grade equated

9   with a default having occurred.  Defendant DENIES the remaining allegations of paragraph 34.

10         35.    Defendant DENIES the allegations of paragraph 35.

11         36.    Defendant DENIES the allegations of paragraph 36.

12         37.    Defendant DENIES the allegations of paragraph 37.

13         38.    Defendant DENIES the allegations of paragraph 38.

14         39.    Defendant DENIES the allegations of paragraph 39.

15         40.    Defendant DENIES the allegations of paragraph 40.

16         41.    Defendant DENIES the allegations of paragraph 41.

17         42.    Defendant DENIES the allegations of paragraph 42.

18                          **FIRST CAUSE OF ACTION**

19                    **BREACH OF CONTRACT-MISMANAGEMENT**

20         43.    Defendant re-alleges and incorporates by reference its answer to the preceding

21   paragraphs as though fully set forth herein.

22         44.    Defendant ADMITS that as reflected in Limited Partnership Agreement attached to

23   the Complaint that SHC SD and Surgical Health Corporation entered into the Agreement on

24   January 18, 1996 and that the Agreement was amended on in 1999 and July 3, 2002.  Defendant

25   admits that the same person executed the latter amendment on behalf of SHC SD and that SHC SD

26   executed the amendment as attorney in fact for all the limited partners. Defendant DENIES the

27   remaining allegations of paragraph 44.

28         45.    Defendant, in response to paragraph 45, ADMITS that the Partnership Agreement

speaks for itself.

46.     Defendant, in response to paragraph 46, ADMITS that the Partnership Agreement speaks for itself.

47.     Defendant ADMITS that HealthSouth acquired SHC SD and SHC MD in June 1995.  Defendant DENIES the remaining allegations of paragraph 47.

48.     Defendant ADMITS the allegations of paragraph 48.

49.     Defendant ADMITS the allegations of paragraph 49.

50.     Defendant lacks sufficient information or belief to answer paragraph 50.

51.     Defendant DENIES that at all relevant times Plaintiff paid a monthly management fee equal to 6% of Partnership net revenues.  Defendant ADMITS that Exhibit 4 is a document entitled HealthSouth Surgery Center Management Fee.  Defendant DENIES the remaining allegations of paragraph 51.

52.     Defendant DENIES the allegations of paragraph 52.

53.     Defendant DENIES the allegations of paragraph 53.

54.     Defendant DENIES the allegations of paragraph 54.

55.     Defendant DENIES the allegations of paragraph 55.

56.     Defendant DENIES the allegations of paragraph 56.

57.     Defendant DENIES the allegations of paragraph 57.

58.     Defendant DENIES the allegations of paragraph 58.

59.     Defendant DENIES the allegations of paragraph 59 and DENIES that Plaintiff is entitled to the relief requested or any relief.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT – FAILURE TO HONOR AGREEMENT TO SELL SHARES

60.     Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

61.     Defendant DENIES the allegations of paragraph 61.

62.     Defendant DENIES the allegations of paragraph 62.

63.     Defendant DENIES the allegations of paragraph 63.

64. Defendant ADMITS that the Statute speaks for itself.

65. Defendant ADMITS that the Statute speaks for itself.

66. Defendant DENIES the allegations of paragraph 66.

67. Defendant DENIES the allegations of paragraph 67.

68. Defendant DENIES the allegations of paragraph 68.

69. Defendant DENIES the allegations of paragraph 69.

70. Defendant DENIES the allegations of paragraph 70 and DENIES that Plaintiff is entitled to the relief requested or any relief.

## THIRD CAUSE OF ACTION

## GROSS NEGLIGENCE

71. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

72. Defendant DENIES the allegations of paragraph 72.

73. Defendant DENIES the allegations of paragraph 73.

74. Defendant DENIES the allegations of paragraph 74.

75. Defendant DENIES the allegations of paragraph 75.

76. Defendant DENIES the allegations of paragraph 76.

77. Defendant DENIES the allegations of paragraph 77 and DENIES that Plaintiff is entitled to the relief requested or any relief.

78. Defendant DENIES the allegations of paragraph 78.

## FOURTH CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

79. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

80. Defendant DENIES the allegations of paragraph 80.

81. Defendant DENIES the allegations of paragraph 81.

82. Defendant DENIES the allegations of paragraph 82.

83. Defendant DENIES the allegations of paragraph 83.

84. Defendant DENIES the allegations of paragraph 84 and DENIES that Plaintiff is entitled to the relief requested or any relief.

85. Defendant DENIES the allegations of paragraph 85.

**FIFTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

86. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

87. Defendant ADMITS SHC SD is the general of the Partnership and owed it certain duties as prescribed by law.  Defendant DENIES the remaining allegations of paragraph 87.

88. Defendant DENIES the allegations of paragraph 88.

89. Defendant DENIES the allegations of paragraph 89.

90. Defendant DENIES the allegations of paragraph 90.

91. Defendant DENIES the allegations of paragraph 91.

92. Defendant DENIES the allegations of paragraph 92.

93. Defendant DENIES the allegations of paragraph 93.

94. Defendant DENIES the allegations of paragraph 94.

95. Defendant DENIES the allegations of paragraph 95 and DENIES that Plaintiff is entitled to the relief requested or any relief.

96. Defendant DENIES the allegations of paragraph 96.

**SIXTH CAUSE OF ACTION**

**JUDICIAL DISSOLUTION AND ACCOUNTING**

97. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

98. Defendant ADMITS SHC SD is the general of the Partnership and owed it certain duties as prescribed by law and as described in the Partnership Agreement which is attached to the Complaint.  Defendant DENIES the remaining allegations of paragraph 98.

99. Defendant DENIES the allegations of paragraph 99 and DENIES that Plaintiff is entitled to the relief requested or any relief.

**SEVENTH CAUSE OF ACTION**

**CONSTRUCTIVE TRUST**

100.    Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

101.    Defendant ADMITS SHC SD is the general of the Partnership and owed it certain duties as prescribed by law and as described in the Partnership Agreement which is attached to the Complaint.  Defendant DENIES the remaining allegations of paragraph 101.

102.    Defendant DENIES the allegations of paragraph 102.

103.    Defendant, in response to paragraph 103, DENIES any wrongful acquiring and retention of Partnership assets.

104.    Defendant DENIES the allegations of paragraph 104.

105.    Defendant DENIES the allegations of paragraph 105.

**EIGHTH CAUE OF ACTION**

**FRUADULENT INDUCEMENT**

106.    Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

107.    Defendant DENIES the allegations of paragraph 63 Defendant DENIES the allegations of paragraph 107.

108.    Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint.  Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff.  Defendant ADMITS that the Partnership Agreement speaks for itself.  Defendant DENIES the remaining allegations of paragraph 108.

109.    Defendant DENIES the allegations of paragraph 109.

110.    Defendant DENIES the allegations of paragraph 110.

111.    Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint. Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff. Defendant DENIES the remaining allegations of paragraph 111.

112.    Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint. Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff. Defendant DENIES the remaining allegations of paragraph 112.

113.    Defendant DENIES the allegations of paragraph 113.

114.    Defendant DENIES the allegations of paragraph 114.

115.    Defendant DENIES the allegations of paragraph 115.

116.    Defendant DENIES the allegations of paragraph 116.

117.    Defendant DENIES the allegations of paragraph 117 and DENIES that Plaintiff is entitled to the relief requested or any relief.

118.    Defendant DENIES the allegations of paragraph 118.

## NINTH CAUSE OF ACTION

### FRUAD AND DECEIT (NEGLIGENT MISREPRESENTATION)

119.    Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

120.    Defendant DENIES the allegations of paragraph 120.

121.    Defendant DENIES the allegations of paragraph 121.

122.    Defendant DENIES the allegations of paragraph 122.

123. Defendant DENIES the allegations of paragraph 123.

124. Defendant DENIES the allegations of paragraph 124.

125. Defendant DENIES the allegations of paragraph 125.

126. Defendant DENIES the allegations of paragraph 126.

127. Defendant DENIES the allegations of paragraph 127.

128. Defendant DENIES the allegations of paragraph 128.

129. Defendant DENIES the allegations of paragraph 129 and DENIES that Plaintiff is entitled to the relief requested or any relief.

130. Defendant DENIES the allegations of paragraph 130.

## TENTH CAUSE OF ACTION

## FRAUD AND DECEIT (INTENTIONAL MISREPRESENTATION)

131. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein. Defendant DENIES the remaining allegations of paragraph 130.

132. Defendant DENIES the allegations of paragraph 132.

133. Defendant DENIES the allegations of paragraph 133.

134. Defendant DENIES the allegations of paragraph 134.

135. Defendant DENIES the allegations of paragraph 135.

136. Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint. Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff. Defendant ADMITS that the Partnership Agreement speaks for itself. Defendant DENIES the remaining allegations of paragraph 136.

137. Defendant DENIES the allegations of paragraph 137.

138. Defendant DENIES the allegations of paragraph 138.

1         139.    Defendant DENIES the allegations of paragraph 139.

2         140.    Defendant DENIES the allegations of paragraph 140.

3         141.    Defendant DENIES the allegations of paragraph 141 and DENIES that Plaintiff is

4   entitled to the relief requested or any relief.

5         142.    Defendant DENIES the allegations of paragraph 142.

6                             **ELEVENTH CAUSE OF ACTION**

7           **FAILURE TO DISCLOSE AND/OR CONCEALMENT OF MATERIAL FACTS**

8         143.    Defendant re-alleges and incorporates by reference its answer to the preceding

9   paragraphs as though fully set forth herein.

10        144.    Defendant DENIES the allegations of paragraph 144.

11        145.    Defendant DENIES the allegations of paragraph 145.

12        146.    Defendant ADMITS that sometime between the years 1997 and 2003, high level

13  executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate

14  artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain

15  reports of HealthSouth's financial condition as described in the Special Audit Committee Report

16  and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint.  Defendant DENIES that

17  this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff.  Defendant

18  ADMITS that the Partnership Agreement speaks for itself.  Defendant DENIES the remaining

19  allegations of paragraph 146.

20        147.    Defendant DENIES the allegations of paragraph 147.

21        148.    Defendant DENIES the allegations of paragraph 148.

22        149.    Defendant DENIES the allegations of paragraph 149.

23        150.    Defendant DENIES the allegations of paragraph 150.

24        151.    Defendant DENIES the allegations of paragraph 151 and DENIES Plaintiff is

25  entitled to the relief requested or to any relief.

26        152.    Defendant DENIES the allegations of paragraph 152.

27  /////

28  /////

## TWELFTH CAUSE OF ACTION

## CONSTRUCTIVE FRAUD

153.   Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

154.   Defendant DENIES the allegations of paragraph 154.

155.   Defendant ADMITS that sometime between the years 1997 and 2003, high level executives of HealthSouth Corporation disloyally engaged in an illegal scheme to inflate artificially HealthSouth's publicly reported earnings and earnings per share and to falsify certain reports of HealthSouth's financial condition as described in the Special Audit Committee Report and Rule 11(f) Factual Basis for Guilty Pleas attached to the Complaint.  Defendant DENIES that this scheme was directed at Plaintiff or resulted in the alleged damage to Plaintiff.  Defendant ADMITS that the Partnership Agreement speaks for itself.  Defendant DENIES the remaining allegations of paragraph 155.

156.   Defendant DENIES the allegations of paragraph 156.

157.   Defendant DENIES the allegations of paragraph 157.

158.   Defendant DENIES the allegations of paragraph 158.

159.   Defendant DENIES the allegations of paragraph 159.

160.   Defendant DENIES the allegations of paragraph 160 and DENIES Plaintiff is entitled to the relief requested or any relief.

161.   Defendant DENIES the allegations of paragraph 161.

162.   Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

163.   Defendant DENIES the allegations of paragraph 163.

164.   Defendant DENIES the allegations of paragraph 164.

165.   Defendant DENIES the allegations of paragraph 165.

166.   Defendant DENIES the allegations of paragraph 166.

167.   Defendant DENIES the allegations of paragraph 167.

168.   Defendant DENIES the allegations of paragraph 168 and DENIES Plaintiff is

1    entitled to the relief requested or any relief.

2         169.    Defendant DENIES the allegations of paragraph 169.

3                      **FOURTEENTH CAUSE OF ACTION**

4                        **SPECIFIC PERFORMANCE**

5         170.    Defendant re-alleges and incorporates by reference its answer to the preceding

6    paragraphs as though fully set forth herein.

7         171.    This paragraph is not alleged against this answering Defendant.

8         172.    This paragraph is not alleged against this answering Defendant.

9         173.    This paragraph is not alleged against this answering Defendant.

10        174.    This paragraph is not alleged against this answering Defendant.

11        175.    This paragraph is not alleged against this answering Defendant.

12        176.    This paragraph is not alleged against this answering Defendant.

13        177.    This paragraph is not alleged against this answering Defendant.

14        178.    This paragraph is not alleged against this answering Defendant.

15                      **FIFTEENTH CAUSE OF ACTION**

16                         **INJUNCTIVE RELIEF**

17        179.    Defendant re-alleges and incorporates by reference its answer to the preceding

18   paragraphs as though fully set forth herein.

19        180.    This paragraph is not alleged against this answering Defendant.

20        181.    This paragraph is not alleged against this answering Defendant.

21        182.    This paragraph is not alleged against this answering Defendant.

22        183.    This paragraph is not alleged against this answering Defendant.

23                      **SIXTEENTH CAUSE OF ACTION**

24                **INTENTIONAL INTERFERENCE WITH CONTRACT**

25        184.    This paragraph is not alleged against this answering Defendant.

26        185.    This paragraph is not alleged against this answering Defendant.

27        186.    This paragraph is not alleged against this answering Defendant.

28        187.    This paragraph is not alleged against this answering Defendant.

188.    This paragraph is not alleged against this answering Defendant.

189.    This paragraph is not alleged against this answering Defendant.

190.    This paragraph is not alleged against this answering Defendant.

### SEVENTEENTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

191.    This paragraph is not alleged against this answering Defendant.

192.    This paragraph is not alleged against this answering Defendant.

193.    This paragraph is not alleged against this answering Defendant.

194.    This paragraph is not alleged against this answering Defendant.

195.    This paragraph is not alleged against this answering Defendant.

196.    This paragraph is not alleged against this answering Defendant.

197.    This paragraph is not alleged against this answering Defendant.

198.    This paragraph is not alleged against this answering Defendant.

199.    This paragraph is not alleged against this answering Defendant.

200.    This paragraph is not alleged against this answering Defendant.

201.    This paragraph is not alleged against this answering Defendant.

202.    This paragraph is not alleged against this answering Defendant.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

Plaintiff's Complaint and each Claim for Relief stated therein fails to state a claim upon which relief can be granted as against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Conduct of Other Persons or Parties)

Defendant is informed and believes and upon that basis alleges that damages and injuries, if any, suffered by Plaintiff were directly and proximately caused by the reckless, negligent, fraudulent and willful conduct of individuals or entities other than Defendant.  As a consequence of that conduct, Plaintiff is barred from recovering against Defendant.  If however, Defendant should

1  be found legally responsible for any damages alleged by Plaintiff, which Defendant expressly

2  denies, then such damage was proximately caused or contributed to by the careless, reckless,

3  negligent, fraudulent or willful conduct of third parties. As a consequence thereof, the

4  proportionate degree of negligence and fault of such third parties must be determined and prorated

5  and any judgment that might be rendered against Defendant must be barred or reduced by the total

6  degree of negligence and fault found to exist as a result of the conduct of such third parties.

7  ### THIRD AFFIRMATIVE DEFENSE

8  ### (Comparative Fault)

9  Defendant is informed and believes and upon that basis alleges that Plaintiff failed to

10  exercise proper or ordinary care, caution or prudence in his own conduct regarding the matters

11  which are alleged in the Complaint. If Defendant should be found legally responsible for any

12  damages alleged by Plaintiff, which Defendant expressly denies, then such damages, if any, were

13  proximately caused or contributed to by Plaintiff's careless, reckless and negligent conduct. As a

14  consequence thereof, the proportionate degree of negligence and fault of Plaintiff must be

15  determined and prorated and any judgment that might be rendered against Defendant must be

16  barred or reduced by the total degree of negligence and fault found to exist as a result of Plaintiff's

17  own conduct.

18  ### FOURTH AFFIRMATIVE DEFENSE

19  ### (Failure to Mitigate)

20  Defendant is informed and believes and thereon alleges that Plaintiff failed, refused and

21  neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or

22  diminishing Plaintiff's recovery herein.

23  ### FIFTH AFFIRMATIVE DEFENSE

24  ### (Laches)

25  Defendant is informed and believes and alleges thereon that Plaintiff is barred from any

26  recovery against Defendant by reason of the doctrine of laches and undue delay in giving notice to

27  Defendant of the matters alleged in the Complaint and in commencing this litigation.

28  /////

**SIXTH AFFIRMATIVE DEFENSE**

**(Doe Defendants)**

Defendant is informed and believes and thereon alleges that it is not legally responsible for the acts and/or omissions of those named herein as Doe Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff consented to the acts and conduct of Defendant upon which the Complaint is based.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff waived the claims in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff is estopped from asserting the claims in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the First through Twelfth Causes of Action of the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338 and 339 and Business & Professions Code section 17208.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and alleges thereon that because of Plaintiff's own immoral, careless, negligent and other wrongful conduct, Plaintiff is barred from recovering

against Defendant by the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

Defendant is are informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration for the contract alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No injunctive Relief)

This answering Defendant is informed and believes that Plaintiff is not entitled to injunctive relief as against it because the alleged conduct has ceased.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

The conduct and practices alleged against this answering Defendant were not unlawful and to the extent undertaken by this answering Defendant, which is expressly denied, were done in the good faith exercise of a valid business purpose.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exercise of Business Judgment)

The alleged conduct of this answering Defendant was done in the good faith exercise of a valid business purpose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

This answering Defendant is informed and believes that the named Plaintiff lacks standing to bring and/or maintain this action as alleged against this answering Defendant.

1

## **PRAYER**

2        **WHEREFORE**, Defendant prays for relief as follows:

3              1.  Dismissal of Plaintiff's Complaint with prejudice;

4              2.  That Plaintiff take nothing by way of his Complaint;

5              3.  For reasonable costs of suit and attorneys' fees;

6              4.  For such other and further relief as this Court

7    DATED:  December 31, 2007              **COUGHLAN, SEMMER & LIPMAN, LLP**

8

9                                          By____/s/ Cathleen G. Fitch_____
                                              Cathleen G. Fitch
10                                             Attorneys for Defendant HEALTHSOUTH
                                              CORPORATION
11

     ::ODMA\PCDOCS\CSL\65105\1
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3          I, the undersigned, hereby certify:

4

5          1.      I am over the age of 18 years and a resident of San Diego County, California; my business address is 501 W. Broadway, Suite 400, San Diego, California 92101; I am not a party to the above-entitled action;

6

7          2.      On this date I caused the following document(s) to be filed and served electronically via the Court's CM/ECF System except as otherwise stated in paragraph #3 below:

8

9          o    ANSWER OF DEFENDANT HEALTHSOUTH CORPORATION TO COMPLAINT

10         3.      I caused the documents listed above to be served on the following party/parties by other means addressed to the last known address and delivered as follows:

11

12 [  ]      Each envelope was placed for deposit in the U.S. Mail according to the normal business practices observed at this office, with first class postage prepaid to:

13          N/A

14          I declare that I am a member of the Bar of this Court, and it was at my direction the above described service was made.

15

16          I declare under penalty of perjury that the foregoing is true and correct.  Executed this day, December 31, 2007, at San Diego, California.

17
                                   s/ Cathleen G. Fitch
18                                 **Cathleen G. Fitch**

19

20

21

22

23

24

25

26

27

28