Robert F. Semmer, Esq. (SBN 102576)
Cathleen G. Fitch, Esq. (SBN 95302)
**COUGHLAN, SEMMER & LIPMAN, LLP**
501 W. Broadway, Suite 400
San Diego, CA 92101
(619) 232-0800 Telephone
(619) 232-0107 Facsimile

Attorneys for SHC MANAGEMENT CORPORATION, a dissolved Georgia corporation

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID J. CHAO, an individual,

Plaintiff,

vs.

HEALTHSOUTH CORPORATION, a Delaware corporation; SHC SAN DIEGO, INC., a Georgia corporation; SHC MANAGEMENT COMPANY, a Georgia corporation; SURGICAL HEALTH CORPORATION, a Delaware corporation; HEALTHSOUTH SURGERY CENTERS-WEST, INC., a Delaware corporation; SURGICAL CARE AFFILIATES, LLC a Delaware Limited Liability corporation; ARTHROSCOPIC & LASER SURGERY CENTER OF SAN DIEGO, L.P., and DOES 1 through 100, inclusively,

Defendants.

CASE NO. 3:07-cv-2408 DMS WMc

**ANSWER OF SCH MANAGEMENT CORPORATION TO COMPLAINT**

Comes now SHC MANAGEMENT CORPORATION, a dissolved Georgia Corporation ("Defendant") sued as a Doe Defendant and without waiving any and all defenses as to its lack of capacity to be sued and improper addition to the Complaint, answers the Complaint as follows:

/ / /

**GENERAL ALLEGATIONS**

1. Defendant ADMITS Chao is a resident of San Diego County, California and is a limited partner in Arthroscopic & Laser Surgery Center of San Diego, L.P. (the "Partnership"). Defendant DENIES the Partnership is a corporation and lacks sufficient information or belief to answer the remaining allegations of paragraph 1.

2. Defendant ADMITS on information and belief that SHC SAN DIEGO, INC. was incorporated in the state of Georgia. Defendant lacks information and belief sufficient to answer the remaining allegations of paragraph 2.

3. Defendant ADMITS on information and belief the allegations in paragraph 3.

4. Defendant ADMITS on information and belief that SURGICAL HEALTH CORPORATION was incorporated in the state of Delaware. Defendant lacks sufficient information or belief to answer the remaining allegations of paragraph 4.

5. Defendant ADMITS that HEALTHSOUTH SURGERY CENTERS-WEST, INC. was incorporated in the state of Delaware and DENIES the remaining allegations of paragraph 5.

6. Defendant lacks sufficient information or belief to answer the allegations of paragraph 6.

7. Defendant DENIES the allegations of paragraph 7.

8. Defendant DENIES the allegations of paragraph 8.

9. Defendant DENIES the allegations of paragraph 9 that it was involved in any wrongdoing towards Plaintiff or the Partnership. Defendant lacks sufficient information or belief to answer the remaining allegations of paragraph 9.

10. Defendant ADMITS that Plaintiff was a limited partner in Arthroscopic & Laser Surgery Center of San Diego, L.P. starting in 1996 to the present. Defendant lacks information or belief sufficient to answer the remaining allegations of paragraph 10.

11. Defendant lacks sufficient information and belief to answer the allegations of paragraph 11.

12. Defendant DENIES the allegations in paragraph 12.

13. Defendant DENIES the allegations of paragraph 13.

14. Defendant ADMITS on information and belief that Plaintiff owned an 18% interest in Arthroscopic & Laser Surgery Center of San Diego, L.P. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 14.

15. Defendant ADMITS that the Partnership Agreement speaks for itself.

16. Defendant ADMITS that it was incorporated in the state of Georgia and did business in California and was dissolved on December 31, 2002.

17. Defendant DENIES the allegations in paragraph 17.

18. Defendant DENIES the allegations in paragraph 18.

19. Defendant DENIES the allegations in paragraph 19.

20. Defendant DENIES the allegations in paragraph 20.

21. Defendant DENIES the allegations in paragraph 21.

22. Defendant DENIES the allegations in paragraph 22.

23. Ddefendant DENIES the allegations of paragraph 23.

24. Defendant DENIES the allegations of paragraph 24.

25. Defendant DENIES the allegations of paragraph 25.

26. Defendant ADMITS on information and belief that Richard Scrushy was formerly the CEO of HealthSouth and that William T. Owens was formerly the President and COO of HealthSouth. Defendant ADMITS on information and belief that Brandon O. Hale was formerly a Vice President and Secretary of HealthSouth and for a period of time, was HealthSouth's compliance officer. Defendant ADMITS on information and belief that Malcolm McVay was a Vice President and Treasurer of HealthSouth and formerly the CFO and Treasurer. Defendant ADMITS on information and belief that HVPG of California, Inc. was a subsidiary of HealthSouth and that Richard Scrushy, William T. Owens, Patrick A. Foster and Malcolm McVay were formerly officers/directors of HVPG of California, Inc. Defendant lacks information and belief sufficient to answer the remaining allegations of paragraph 26.

27. Defendant lacks sufficient information and belief to answer the allegations of paragraph 27.

28. Defendant lacks sufficient information and belief to answer the allegations of

paragraph 28.

29. Defendant ADMITS on information and belief that Emery Harris was formerly Group Vice President and Assistant Controller and Group Vice President of Accounting of HealthSouth.

Defendant ADMITS on information and belief that Angela Ayers was formerly Director of Accounting, Assistant Vice President, Financial Accounting and Vice President of Finance/Accounting of HealthSouth.

Defendant ADMITS on information and belief that Kenneth Livesay was formerly Group Vice President, Finance and Assistant Controller and Senior Vice President and Chief Information Officer of HealthSouth.

Defendant ADMITS on information and belief that Cathy C. Edwards was formerly Assistant Vice President, Asset Management for HealthSouth.

Defendant ADMITS on information and belief that Rebecca Kay Morgan was formerly Assistant Vice President, Finance, Vice President, Finance and Group Vice President, Finance and Assistant Controller for HealthSouth.

Defendant ADMITS on information and belief that Virginia B. Valentine was formerly Assistant Vice President, Financial Accounting or HealthSouth.

Defendant ADMITS on information and belief that Richard E. Botts was formerly Group Vice President, Finance-Tax and later Senior Vice President, Finance-Tax for HealthSouth.

Defendant ADMITS on information and belief that Will Hicks was formerly Vice President, Investments for HealthSouth.

Defendant ADMITS on information and belief that Jason Brown was formerly Director, Corporate Development, Assistant Vice President, Finance and Vice President, Treasury of HealthSouth.

Defendant ADMITS on information and belief that Russell H. Maddox was formerly President and Chief Operating Officer, Diagnostic for HealthSouth.

Defendant ADMITS on information and belief that Larry Taylor was formerly Senior Vice President Outpatient Operations and then President and Chief Operating Officer Operations & Dir

of HealthSouth.

Defendant ADMITS on information and belief that Catherine Fowler was formerly Assistant Vice President, Finance and Cash Manager, Vice President and Cash manager and Vice President and Manager of HealthSouth.

Defendant DENIES any allegation of wrongdoing as to this answering Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 29.

30. Defendant lacks sufficient information and belief sufficient to answer the remaining allegations of paragraph 30.

31. Defendant ADMITS that the Report attached to the Complaint speaks for itself. Defendant lacks sufficient information and belief sufficient to answer the remaining allegations of paragraph 31.

32. Defendant DENIES the allegations of paragraph 32.

33. Defendant DENIES any allegation of wrongdoing as to this answering Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 33.

34. Defendant lacks sufficient information and belief to answer the allegations of paragraph 34.

35. Defendant DENIES the allegations of paragraph 35.

36. Defendant DENIES the allegations of paragraph 36.

37. Defendant DENIES the allegations of paragraph 37.

38. Defendant DENIES the allegations of paragraph 38.

39. Defendant DENIES the allegations of paragraph 39.

40. Defendant DENIES the allegations of paragraph 40.

41. Defendant DENIES the allegations of paragraph 41.

42. Defendant DENIES the allegations of paragraph 42.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT-MISMANAGEMENT**

43. Defendant re-alleges and incorporates by reference its answer to the preceding

paragraphs as though fully set forth herein.

44. Defendant ADMITS that as reflected in Limited Partnership Agreement attached to the Complaint that SHC SD and Surgical Health Corporation entered into the Agreement on January 18, 1996 and that the Agreement was amended on in 1999 and July 3, 2002. Defendant ADMITS that the same person executed the latter amendment on behalf of SHC SD and that SHC SD executed the amendment as attorney in fact for all the limited partners. Defendant DENIES the remaining allegations of paragraph 44.

45. Defendant, in response to paragraph 45, ADMITS that the Partnership Agreement speaks for itself.

46. Defendant, in response to paragraph 46, ADMITS that the Partnership Agreement speaks for itself.

47. Defendant lacks sufficient information and belief to answer the allegations of paragraph 47.

48. Defendant ADMITS that SHC acquired ownership interest in SHC MC. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 48.

49. Defendant ADMITS on information and belief the allegations of paragraph 49.

50. Defendant lacks sufficient information or belief to answer paragraph 50.

51. Defendant DENIES that at all relevant times Plaintiff paid a monthly management fee equal to 6% of Partnership net revenues. Defendant ADMITS that Exhibit 4 is a document entitled HealthSouth Surgery Center Management Fee. Defendant DENIES the remaining allegations of paragraph 51.

52. Defendant DENIES the allegations of paragraph 52.

53. Defendant DENIES the allegations of paragraph 53.

54. Defendant DENIES the allegations of paragraph 54.

55. Defendant DENIES the allegations of paragraph 55.

56. Defendant DENIES the allegations of paragraph 56.

57. Defendant DENIES the allegations of paragraph 57.

58. Defendant DENIES the allegations of paragraph 58.

59. Defendant DENIES the allegations of paragraph 59 and DENIES that Plaintiff is entitled to the relief requested or any relief.

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT – FAILURE TO HONOR AGREEMENT TO SELL SHARES**

60. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

61. Defendant DENIES the allegations of paragraph 61.

62. Defendant DENIES the allegations of paragraph 62.

63. Defendant DENIES the allegations of paragraph 63.

64. Defendant ADMITS that the Statute speaks for itself.

65. Defendant ADMITS that the Statute speaks for itself.

66. Defendant DENIES the allegations of paragraph 66.

67. Defendant DENIES the allegations of paragraph 67.

68. Defendant DENIES the allegations of paragraph 68.

69. Defendant DENIES the allegations of paragraph 69.

70. Defendant DENIES the allegations of paragraph 70 and DENIES that Plaintiff is entitled to the relief requested or any relief.

**THIRD CAUSE OF ACTION**

**GROSS NEGLIGENCE**

71. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

72. Defendant DENIES the allegations of paragraph 72.

73. Defendant DENIES the allegations of paragraph 73.

74. Defendant DENIES the allegations of paragraph 74.

75. Defendant DENIES the allegations of paragraph 75.

76. Defendant DENIES the allegations of paragraph 76.

77. Defendant DENIES the allegations of paragraph 77 and DENIES that Plaintiff is entitled to the relief requested or any relief.

78. Defendant DENIES the allegations of paragraph 78.

**FOURTH CAUSE OF ACTION**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

79. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

80. Defendant DENIES the allegations of paragraph 80.

81. Defendant DENIES the allegations of paragraph 81.

82. Defendant DENIES the allegations of paragraph 82.

83. Defendant DENIES the allegations of paragraph 83.

84. Defendant DENIES the allegations of paragraph 84 and DENIES that Plaintiff is entitled to the relief requested or any relief.

85. Defendant DENIES the allegations of paragraph 85.

**FIFTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

86. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

87. Defendant ADMITS that SHC SD was the general of the Partnership and owed it certain duties as prescribed by law. Defendant DENIES the remaining allegations of paragraph 87.

88. Defendant DENIES the allegations of paragraph 88.

89. Defendant DENIES the allegations of paragraph 89.

90. Defendant DENIES the allegations of paragraph 90.

91. Defendant DENIES the allegations of paragraph 91.

92. Defendant DENIES the allegations of paragraph 92.

93. Defendant DENIES the allegations of paragraph 93.

94. Defendant lacks sufficient information and belief to answer the allegations of paragraph 94.

95. Defendant DENIES the allegations of paragraph 95 and DENIES that Plaintiff is entitled to the relief requested or any relief.

96. Defendant DENIES the allegations of paragraph 96.

**SIXTH CAUSE OF ACTION**

**JUDICIAL DISSOLUTION AND ACCOUNTING**

97. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

98. Defendant ADMITS SHC SD was the general of the Partnership and owed it certain duties as prescribed by law and as described in the Partnership Agreement which is attached to the Complaint. Defendant DENIES the remaining allegations of paragraph 98.

99. Defendant DENIES the allegations of paragraph 99 and DENIES that Plaintiff is entitled to the relief requested or any relief.

**SEVENTH CAUSE OF ACTION**

**CONSTRUCTIVE TRUST**

100. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

101. Defendant ADMITS SHC SD was the general of the Partnership and owed it certain duties as prescribed by law and as described in the Partnership Agreement which is attached to the Complaint. Defendant DENIES the remaining allegations of paragraph 101.

102. Defendant DENIES the allegations of paragraph 102.

103. Defendant, in response to paragraph 103, DENIES any wrongful acquiring and retention of Partnership assets.

104. Defendant DENIES the allegations of paragraph 104.

105. Defendant DENIES the allegations of paragraph 105.

**EIGHTH CAUE OF ACTION**

**FRAUDULENT INDUCEMENT**

106. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

107. Defendant DENIES the allegations of paragraph 107.

108. Defendant lacks sufficient information and belief to answer the allegations of

paragraph 108. Defendant specifically DENIES any wrongdoing of this answering Defendant.

109. Defendant DENIES the allegations of paragraph 109.

110. Defendant DENIES the allegations of paragraph 110.

111. Defendant DENIES the allegations of paragraph 111.

112. Defendant DENIES the allegations of paragraph 112.

113. Defendant DENIES the allegations of paragraph 113.

114. Defendant DENIES the allegations of paragraph 114.

115. Defendant DENIES the allegations of paragraph 115.

116. Defendant lacks sufficient information and belief to answer the allegations of paragraph 116.

117. Defendant DENIES the allegations of paragraph 117 and DENIES that Plaintiff is entitled to the relief requested or any relief.

118. Defendant DENIES the allegations of paragraph 118.

**NINTH CAUSE OF ACTION**

**FRUAD AND DECEIT (NEGLIGENT MISREPRESENTATION)**

119. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

120. Defendant DENIES any allegation of wrongdoing as to this answering Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 120.

121. Defendant DENIES the allegations of paragraph 121.

122. Defendant DENIES the allegations of paragraph 122.

123. Defendant DENIES the allegations of paragraph 123.

124. Defendant DENIES the allegations of paragraph 124.

125. Defendant DENIES the allegations of paragraph 125.

126. Defendant DENIES the allegations of paragraph 126.

127. Defendant DENIES the allegations of paragraph 127.

128. Defendant lacks sufficient information and belief to answer the allegations of

paragraph 128.

129. Defendant DENIES the allegations of paragraph 129 and DENIES that Plaintiff is entitled to the relief requested or any relief.

130. Defendant DENIES the allegations of paragraph 130.

**TENTH CAUSE OF ACTION**

**FRAUD AND DECEIT (INTENTIONAL MISREPRESENTATION)**

131. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein. Defendant DENIES the remaining allegations of paragraph 130.

132. Defendant DENIES the allegations of paragraph 132.

133. Defendant DENIES any allegations of wrongdoing as to this answering Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 133.

134. Defendant DENIES the allegations of paragraph 134.

135. Defendant DENIES the allegations of paragraph 135.

136. Defendant DENIES any allegation of wrongdoing as to this answering Defendant. Defendant lacks sufficient information and belief as to the remaining allegations of paragraph 136.

137. Defendant DENIES the allegations of paragraph 137.

138. Defendant DENIES the allegations of paragraph 138.

139. Defendant DENIES the allegations of paragraph 139.

140. Defendant lacks sufficient information and belief to answer the allegations of paragraph 140.

141. Defendant DENIES the allegations of paragraph 141 and DENIES that Plaintiff is entitled to the relief requested or any relief.

142. Defendant DENIES the allegations of paragraph 142.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO DISCLOSE AND/OR CONCEALMENT OF MATERIAL FACTS**

143. Defendant re-alleges and incorporates by reference its answer to the preceding

paragraphs as though fully set forth herein.

144. Defendant DENIES the allegations of paragraph 144.

145. Defendant DENIES the allegations of paragraph 145.

146. Defendant DENIES the allegations of paragraph 146.

147. Defendant DENIES the allegations of paragraph 147.

148. Defendant DENIES the allegations of paragraph 148.

149. Defendant DENIES the allegations of paragraph 149.

150. Defendant lacks sufficient information and belief to answer the allegations of paragraph 150.

151. Defendant DENIES the allegations of paragraph 151 and DENIES Plaintiff is entitled to the relief requested or to any relief.

152. Defendant DENIES the allegations of paragraph 152.

**TWELFTH CAUSE OF ACTION**

**CONSTRUCTIVE FRAUD**

153. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

154. Defendant DENIES the allegations of wrongdoing as alleged against it in paragraph 154 and denies it was the alter ego of any other Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 154.

155. Defendant DENIES the allegations of wrongdoing as alleged against it in paragraph 154 and denies it was the alter ego of any other Defendant. Defendant lacks sufficient information and belief to answer the remaining allegations of paragraph 155.

156. Defendant DENIES the allegations of paragraph 156.

157. Defendant DENIES the allegations of paragraph 157.

158. Defendant DENIES the allegations of paragraph 158.

159. Defendant lacks information and belief sufficient to answer the allegations of paragraph 159.

160. Defendant DENIES the allegations of paragraph 160 and DENIES Plaintiff is

entitled to the relief requested or any relief.

161. Defendant DENIES the allegations of paragraph 161.

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONAL CODE SECTION 17200- UNFAIR BUSINESS PRACTICES**

162. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

163. Defendant DENIES the allegations of paragraph 163.

164. Defendant DENIES the allegations of paragraph 164.

165. Defendant DENIES the allegations of paragraph 165.

166. Defendant DENIES the allegations of paragraph 166.

167. Defendant DENIES the allegations of paragraph 167.

168. Defendant DENIES the allegations of paragraph 168 and DENIES Plaintiff is entitled to the relief requested or any relief.

169. Defendant DENIES the allegations of paragraph 169.

**FOURTEENTH CAUSE OF ACTION**

**SPECIFIC PERFORMANCE**

170. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

171. This paragraph is not alleged against this answering Defendant.

172. This paragraph is not alleged against this answering Defendant.

173. This paragraph is not alleged against this answering Defendant.

174. This paragraph is not alleged against this answering Defendant.

175. This paragraph is not alleged against this answering Defendant.

176. This paragraph is not alleged against this answering Defendant.

177. This paragraph is not alleged against this answering Defendant.

178. This paragraph is not alleged against this answering Defendant.

/////

**FIFTEENTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

179. Defendant re-alleges and incorporates by reference its answer to the preceding paragraphs as though fully set forth herein.

180. This paragraph is not alleged against this answering Defendant.

181. This paragraph is not alleged against this answering Defendant.

182. This paragraph is not alleged against this answering Defendant.

183. This paragraph is not alleged against this answering Defendant.

**SIXTEENTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH CONTRACT**

184. This paragraph is not alleged against this answering Defendant.

185. This paragraph is not alleged against this answering Defendant.

186. This paragraph is not alleged against this answering Defendant.

187. This paragraph is not alleged against this answering Defendant.

188. This paragraph is not alleged against this answering Defendant.

189. This paragraph is not alleged against this answering Defendant.

190. This paragraph is not alleged against this answering Defendant.

**SEVENTEENTH CAUSE OF ACTION**

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

191. This paragraph is not alleged against this answering Defendant.

192. This paragraph is not alleged against this answering Defendant.

193. This paragraph is not alleged against this answering Defendant.

194. This paragraph is not alleged against this answering Defendant.

195. This paragraph is not alleged against this answering Defendant.

196. This paragraph is not alleged against this answering Defendant.

197. This paragraph is not alleged against this answering Defendant.

198. This paragraph is not alleged against this answering Defendant.

199. This paragraph is not alleged against this answering Defendant.

200. This paragraph is not alleged against this answering Defendant.

201. This paragraph is not alleged against this answering Defendant.

202. This paragraph is not alleged against this answering Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts)**

Plaintiff's Complaint and each Claim for Relief stated therein fails to state a claim upon which relief can be granted as against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Conduct of Other Persons or Parties)**

Defendant is informed and believes and upon that basis alleges that damages and injuries, if any, suffered by Plaintiff were directly and proximately caused by the reckless, negligent, fraudulent and willful conduct of individuals or entities other than Defendant. As a consequence of that conduct, Plaintiff is barred from recovering against Defendant. If however, Defendant should be found legally responsible for any damages alleged by Plaintiff, which Defendant expressly denies, then such damage was proximately caused or contributed to by the careless, reckless, negligent, fraudulent or willful conduct of third parties. As a consequence thereof, the proportionate degree of negligence and fault of such third parties must be determined and prorated and any judgment that might be rendered against Defendant must be barred or reduced by the total degree of negligence and fault found to exist as a result of the conduct of such third parties.

### THIRD AFFIRMATIVE DEFENSE

**(Comparative Fault)**

Defendant is informed and believes and upon that basis alleges that Plaintiff failed to exercise proper or ordinary care, caution or prudence in his own conduct regarding the matters which are alleged in the Complaint. If Defendant should be found legally responsible for any damages alleged by Plaintiff, which Defendant expressly denies, then such damages, if any, were proximately caused or contributed to by Plaintiff's careless, reckless and negligent conduct. As a consequence thereof, the proportionate degree of negligence and fault of Plaintiff must be

determined and prorated and any judgment that might be rendered against Defendant must be barred or reduced by the total degree of negligence and fault found to exist as a result of Plaintiff's own conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant is informed and believes and thereon alleges that Plaintiff failed, refused and neglected to take reasonable steps to mitigate his alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant is informed and believes and alleges thereon that Plaintiff is barred from any recovery against Defendant by reason of the doctrine of laches and undue delay in giving notice to Defendant of the matters alleged in the Complaint and in commencing this litigation.

**SIXTH AFFIRMATIVE DEFENSE**

**(Doe Defendants)**

Defendant is informed and believes and thereon alleges that it is not legally responsible for the acts and/or omissions of those named herein as Doe Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff consented to the acts and conduct of Defendant upon which the Complaint is based.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff waived the claims in the Complaint.

/////

/////

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that Plaintiff is estopped from asserting the claims in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant is informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the First through Twelfth Causes of Action of the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338 and 339 and Business & Professions Code section 17208.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes and alleges thereon that because of Plaintiff's own immoral, careless, negligent and other wrongful conduct, Plaintiff is barred from recovering against Defendant by the equitable doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequacy of Remedy at Law)**

Defendant is are informed and believes and thereon alleges, without in any way admitting the allegations in the Complaint, that the injury or damage suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Consideration)**

Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration for the contract alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No injunctive Relief)**

This answering Defendant is informed and believes that Plaintiff is not entitled to

injunctive relief as against it because the alleged conduct has ceased.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Unlawful)**

The conduct and practices alleged against this answering Defendant were not unlawful and to the extent undertaken by this answering Defendant, which is expressly denied, were done in the good faith exercise of a valid business purpose.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Exercise of Business Judgment)**

The alleged conduct of this answering Defendant was done in the good faith exercise of a valid business purpose.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

This answering Defendant is informed and believes that the named Plaintiff lacks standing to bring and/or maintain this action as alleged against this answering Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Capacity to be Sued)**

This answering Defendant was dissolved on or about December 31, 2002 and lacks the capacity to be sued by Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Timely Sue Dissolved Corporation)**

Plaintiff has failed to sue Defendant, a dissolved corporation, within the statutory time limits provided under Georgia and/or California law.

**TWENTYEETH AFFIRMATIVE DEFESNE**

**(Assignment)**

Without admitting the allegations of the Complaint, his answering Defendant duly assigned any duties, obligations or liabilities, if any, concerning Plaintiff or the Partnership.

/////

/////

**TWENTYFIRST AFFIRMATIVE DEFENSE**

**(Improper Doe Defendant)**

This answering Defendant is informed and believes that Plaintiff was aware of Defendant's name, capacity and existence before the Complaint was filed and that Defendant was not properly substituted as a Doe Defendant to the Complaint.

**PRAYER**

**WHEREFORE**, Defendant prays for relief as follows:

1. Dismissal of Plaintiff's Complaint with prejudice;
2. That Plaintiff take nothing by way of his Complaint;
3. For reasonable costs of suit and attorneys' fees;
4. For such other and further relief as this Court

DATED: January 2, 2008 **COUGHLAN, SEMMER & LIPMAN, LLP**

By /s/ Cathleen G. Fitch
Cathleen G. Fitch
Attorneys for SHC Management Corporation

::ODMA\PCDOCS\CSL\65387\1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify:

1. I am over the age of 18 years and a resident of San Diego County, California; my business address is 501 W. Broadway, Suite 400, San Diego, California 92101; I am not a party to the above-entitled action;

2. On this date I caused the following document(s) to be filed and served electronically via the Court's CM/ECF System except as otherwise stated in paragraph #3 below:

- ANSWER OF SHC MANAGEMENT CORPORATION TO COMPLAINT

3. I caused the documents listed above to be served on the following party/parties by other means addressed to the last known address and delivered as follows:

[ ] Each envelope was placed for deposit in the U.S. Mail according to the normal business practices observed at this office, with first class postage prepaid to:

N/A

I declare that I am a member of the Bar of this Court, and it was at my direction the above described service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed this day, January 2, 2008, at San Diego, California.

s/ Cathleen G. Fitch
**Cathleen G. Fitch**